IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEENAN COFIELD, *et al.* | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No:_____ |
| PASSPORT MOTORS HOLDINGS INC., *et al.* | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant X Corp., as successor in interest to named defendant Twitter, Inc. ("Twitter"), through its undersigned counsel, hereby gives notice that it has removed from the Circuit Court for Baltimore City to the United States District Court for the District of Maryland, the Civil Action titled *Keenan Cofield, et al. v. Passport Motors Holdings Inc., et al.*, Case No. 24-C-22-002016 (the "State Court Action"), and states as follows[1]:

---

[1] Plaintiffs did not serve Twitter with a complete set of all papers and pleadings filed in the action, as required when adding a party by amended pleading under Maryland Rule 2-431(d). In obtaining a full copy of the Circuit Court's file, however, counsel for Twitter discovered that Plaintiff Keenan Cofield had sought, and the Circuit Court granted, a request by Cofield to stay the case below. See **Exhibits 1** and **2** hereto. This stay was granted before the Circuit Court issued a summons directed to Twitter, and thereafter the summons was served, apparently in violation of the stay order that Plaintiff Cofield himself had requested.

In light of the fact that the summons was issued and served despite the stay order, in an abundance of caution, Twitter files this Notice of Removal, given the mandatory removal deadline set forth in 28 U.S.C. § 1446. Twitter does not contest the effectiveness of the stay.

**Statement of Grounds for Removal**

1. On or about April 25, 2022, Plaintiffs commenced the State Court Action in the Circuit Court for Baltimore City.

2. On or about May 8, 2023, Plaintiffs filed an Amended Complaint alleging that Twitter violated Plaintiff Keenan Cofield's rights under the Sherman Antitrust Act, 15 U.S.C. §§ 1, 15; Section 5(a) of the Federal Trade Commission Act; the Lanham Act, 15 U.S.C. §§ 44, 45(a), 53(b), 1114, 1117(a), 1121, 1125, 1607(c), and 1693(c); 18 U.S.C. § 1961 *et seq.*; 28 U.S.C. §§ 1331, 1338; and unspecified state-law claims. (Amended Complaint ¶¶ 84-105.)

3. Plaintiffs served the Amended Complaint and Summons issued to Twitter, among other papers, on July 2, 2023.

4. Twitter, Inc. has been merged into X Corp. and no longer exists. X Corp. is the successor in interest to Twitter, Inc.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" because, as pleaded by Plaintiffs, this action arises under the Sherman Antitrust Act, 15 U.S.C. §§1, 15; Section 5(a) of the Federal Trade Commission Act; the Lanham Act, 15 U.S.C. §§ 44, 45(a), 53(b), 1114, 1117(a), 1121, 1125, 1607(c), and 1693(c); 18 U.S.C. § 1961 *et seq.*, and 28 U.S.C. §§ 1331, 1338. This Court also has supplemental jurisdiction over any remaining state-law claims pursuant to 28 U.S.C. § 1367.

6. In addition, but for Plaintiffs' apparent improper joinder of a number of Defendants wholly unrelated to the allegations concerning Twitter, this Court has original jurisdiction pursuant to 28 U.S.C § 1332, because Plaintiffs allege they are residents of the State

of Maryland, X Corp. is a Nevada corporation with a principal place of business in San Francisco, California, and the Amended Complaint alleges damages in excess of $75,000.

### Statement of Compliance with 28 U.S.C. §§ 1441, 1446

7. X Corp.'s resident agent was served with process on June 2, 2023. Twitter is filing this Notice of Removal in compliance with the requirements of 28 U.S.C. § 1446(b), which generally provides that "removal of a civil action or proceeding shall be filed within 30 days after receipt by [Twitter], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"[2]

8. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on X Corp. in connection with this action are attached hereto collectively as **Exhibit 3**.

9. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Twitter states the *pro se* Plaintiffs have improperly joined claims against unrelated groups of Defendants. At this time, the circuit court's file only has an affidavit of service for USPS, but no attorney has yet entered an appearance in the matter. Twitter has no knowledge as to what, if any, other Defendants in this matter have been served. Twitter has no connection whatsoever to the allegations against the remaining Defendants; thus, Twitter has no knowledge of what lawyer or lawyers will be representing these Defendants and has no way of discerning whether such Defendants would consent to the removal of the State Court Action.

---

[2] By operation of Fed. R. Civ. P. 6(a)(1)(C), the "last day" for Twitter to file this Notice of Removal is today.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on the Plaintiffs and filed with the Clerk of the Circuit Court for Baltimore City. A true and correct copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit 4**.

### Statement of Compliance with Local Rule 103.5

11. In accordance with Local Rule 103.5(a), within thirty (30) days after the filing of this Notice of Removal, Twitter will file true and legible copies of all other papers, if any, then on file in the state court, together with a certification from counsel that all filings in the State Court Action have been filed in the United States District Court for the District of Maryland.

12. In accordance with Local Rule 103.5(c), within seven (7) days after filing this Notice of Removal, Twitter will file the Disclosures of Affiliations and Financial Interest required by Local Rule 103.3.

### Statement of Jurisdiction–Federal Question and Diversity

13. This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs allege violations of their rights under the Sherman Antitrust Act, 15 U.S.C. §§1, 15; Section 5(a) of the Federal Trade Commission Act; the Lanham Act, 15 U.S.C. §§ 44, 45(a), 53(b), 1114, 1117(a), 1121, 1125, 1607(c), and 1693(c); 18 U.S.C. § 1961 *et seq.*; and 28 U.S.C. §§ 1331, 1338.

14. In addition, but for Plaintiffs' improper joinder of a number of Defendants wholly unrelated to the allegations about Twitter, this Court has original jurisdiction pursuant to 28 U.S.C § 1332, because Plaintiffs allege they are residents of the State of Maryland, X Corp. is a Nevada corporation with a principal place of business in San Francisco, California, and Plaintiffs have alleged damages in excess of $75,000.

### Reservation of Rights

15. Twitter specifically reserves the right to amend or supplement this Notice of Removal. Twitter also reserves all defenses that it may assert against Plaintiffs' claims.

16.

WHEREFORE, because this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, and removal is appropriate pursuant to 28 U.S.C. § 1441(a), notice is hereby given that this action, now pending in the Circuit Court for Baltimore City, Maryland as Case No. 24-C-22-002016, is removed in its entirety to this Court.

Dated: July 5, 2023

/s/ *Christopher C. Dahl*

Christopher C. Dahl (Bar No. 29649)
Sabrina N. Marquez (Bar No. 30516)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
100 Light Street
19th Floor
Baltimore, MD 21202
P:  410.862.1134
F:  410.547.0699
E: cdahl@bakerdonelson.com
E: smarquez@bakerdonelson.com

/s/ *Kenneth M. Trujilo-Jamison*

Kenneth M. Trujilo-Jamison (pro have vice application forthcoming)
WILLENKEN LLP
707 Wilshire Boulevard
Suite 3850
Los Angeles, CA 90017
P:  213.955.8031
F:  213.955.9250
E: ktrujilo-jamison@willenken.com

*Counsel for Defendant X Corp.,
as successor in interest to
named defendant Twitter, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of July, 2023, a copy of the foregoing Notice of Removal was sent via regular U.S. mail, postage prepaid to:

Emily Devan
Counsel for U.S. Bankruptcy Trustee Patricia B. Jefferson
Miles & Stockbridge
100 Light Street
10th Floor
Baltimore, MD 21202

Keenan Cofield
1236 Kendrick Road
Baltimore, MD 21237

Laverne Thompson
1236 Kendrick Road
Baltimore, MD 21237

Luluk Novi Fatwamati
PO Box 133121
Baltimore, MD 21218

Kevin L. Cofield, Sr.
1236 Kendrick Road
Baltimore, MD 21237

Orlan D. Cofield
1236 Kendrick Road
Baltimore, MD 21237

Arviette L. Cofield
1236 Kendrick Road
Baltimore, MD 21237

Kayla Nedd
1236 Kendrick Road
Baltimore, MD 21237

United States Attorney's Office
U.S. Attorney General
36 South Charles Street
Baltimore, MD 21201

Social Security Administration
c/o U.S. Attorney's Office
36 South Charles Street
Baltimore, MD 21201

Consumer Financial Protection Bureau
U.S. Attorney's Office
36 S. Charles Street
Baltimore, MD 21201

Internal Revenue Service
c/o U.S. Attorney's Office
36 S. Charles Street
Baltimore, MD 21201

Internal Revenue Service
c/o U.S. Attorney's Office
1111 Constitution Avenue, NW
Washington, DC 20224

Social Security Administration
c/o U.S. Attorney's Office
1100 West High Rise
Baltimore, MD 21235

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

Federal Trade Commission
36 S. Charles Street
Baltimore, MD 21201

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

Consumer Financial Protection Bureau
1625 Eye Street, NW
Washington, DC 20006

USPS
900 E. Fayette Street
Room 118
Baltimore, MD 21233

USPS
36 South Charles Street
Baltimore, MD 21201

United States Postal Service Domestic Claims
P.O. Box 80143
Saint Louis, MO 63180

USPS – Headquarters
470 L'Enfant Plaza, SW
Suite 604
Washington, DC 20024

USPS
5600 Spalding Drive
Peachtree Corners, GA 30092

Passport Motors Holding, Inc.
2405 York Road
Suite 201
Lutherville-Timonium, MD 21093

Passport Motors
5000 Auth Way
Suitland, MD 20746

Athens Program Insurance Services
2552 Stanwell Dr.
Concord, CA 94520

Athens Program Insurance Services
P.O. Box 4111
Concord, CA 94524

Allied World Specialty Insurance Company
9 Farms Spring Road
Farmington, CT 06032

Allied World Specialty Insurance Company
c/o Maryland Insurance Administration
200 St. Paul Place
Baltimore, MD 21202

Equifax Information Services, LLC
7 St. Paul Street
Baltimore, MD 21202

The Prentice-Hall Corporation System
c/o Equifax, Inc.
7 St. Paul Street
Baltimore, MD 21202

Equifax Inc.
32 South Street
Baltimore, MD 21202

Equifax Consumer Services LLC
1550 Peachtree Street, NW
Baltimore, MD 21202

Equifax Information Services, LLC
1550 Peachtree Street, NW
Baltimore, MD 21202

Texas Roadhouse
6040 Dutchmans Lane
Louisville, KY 40250

Texas Roadhouse
7 St. Paul Street
Baltimore, MD 21202

Texas Roadhouse, Inc.
8207 Town Center Drive
Baltimore, MD 21236

Ally Financial, Inc.
2405 York Road
Lutherville-Timonium, MD 21093

Ally Financial Inc. and Ally Financial LLC
500 Woodward Avenue
Detroit, MI 48226

/s/ *Christopher C. Dahl*

Christopher C. Dahl (Bar No. 29649)