IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DR. KEENAN K. COFIELD,
LAVERNE THOMPSON & KAYLA NEDD,
et. al.

    Plaintiff(s)

CASE NUMBER: 1:23-cv-01795

____ FILED ____ ENTERED
____ LOGGED SLS ____ RECEIVED

JUL 2 4 2023

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY Mgnt drop Boy DEPUTY

VS

PASSPORT MOTORS HOLDINGS, INC. et. al.

    DEFENDANTS

**LINE ITEM**-PLAINTIFFS <u>MOTION</u> TO REMAND THIS CASE BACK TO THE CIRCUIT COURT FOR BALTIMORE CITY, MD IS PROPER, AS THE USDC HAS NO JURISDICTION OVER CERTAIN PARTY DEFENDANTS WHO WERE NOT INCLUDED IN THE NOTICE OF REMOVAL AND/OR AMENDED THE NOTICE OF REMOVAL WITHIN (30) DAYS, VIOLATES F.R.CIV. PROC. 28 USC 1447(c)

COMES now the Plaintiff(s) Dr. Keenan Cofield, in the above styled <u>**PLAINTIFF(S) Motion and Response**</u>, and do hereby assert and file that <u>**ONLY**</u> the **TWITTER, INC. and its successor interest Defendant X Corp.** These Defendants filed for removal from State Court to the USDC. Plaintiff(s) Motion to Remand and filing requires the Non-Removal Defendants <u>**are not**</u> proper Defendants in this case and this Court has NO jurisdiction over the non-removal Defendants, nor case subject-matter, requiring the REMAND of this case back to the Circuit Court for Baltimore CITY, MD, immediately.

1). Under separate cover, the Plaintiff(s) have moved to DISMISS Twitter, Inc. and/or its successor X Corp. from this cause of action, effective immediately. Therefore, no other

2).**WHEN THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION, THE CASE SHALLL BE REMANDED-(See 28 USC 1447(c)**

3). No Defendants have filed an answer to the Complaint and/or filed a timely Answer or Response as required within (30) days.

4). **Defendant Twitter filed a Motion to Stay and other action which is now moot. This Defendant is NO longer a party to this action.**

## Removal and Jurisdiction

5). The Twitter or X Corp. Defendants removed this case to federal court. The Court no longer is **federal question jurisdiction, subject matter jurisdiction, diversity and/or supplemental jurisdiction over the remaining NON-REMOVAL Defendants**

The federal removal statute, 28 U.S.C. § 1441(c), sets forth how federal courts must adjudicate cases that contain both "federal law claims and state law claims" after they are removed to federal court. That section states:

(1) If a civil action includes—

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made non-removable by statute,

the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c). Thus, § 1441(c)(1) "provides a mechanism for removal to federal court of cases that combine claims under federal question jurisdiction with claims that a federal court has no jurisdiction to adjudicate." **Drain v. S.C. Dep't of Educ.**, Civ. No. 5:18-cv-3267-JMC, 2019 WL 4409461, at *5 (D.S.C. Sept. 16, 2019). "In that circumstance, the defendants as to the federal claims may remove the case to a federal district court. But, pursuant to § 1441(c)(2), the court must then sever and remand the claims over which the court lacks jurisdiction." **Moore v. Svehlak**, Civ. No. ELH-12-2727, 2013 WL 3683838, at *7 (D. Md. July 11, 2013). **This case cannot legally stand under any circumstances, as there in no longer any jurisdictional attachment involving any of the remaining Defendants.**

Under § 1441(c)(1)(B), however, this Court must next determine whether it has either original or supplemental jurisdiction over Plaintiffs' state law claims. First, there is clearly no federal question jurisdiction over those claims because none of them is brought under the "Constitution, laws, or treaties of the United States[.]" 28 U.S.C. § 1331.

The next question is whether this Court can exercise diversity jurisdiction over Plaintiffs' state law claims. The federal diversity jurisdiction statute allows federal courts to exercise original jurisdiction over civil actions between "citizens of different States" "where the

matter in controversy exceeds . . . $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. Diversity

jurisdiction requires complete diversity, "which means that no plaintiff may share a citizenship with any defendant." Navy Fed. Credit Union v. LTD Fin. Servs., LP, 972 F.3d 344, 352 (4th Cir.2020). This Court cannot exercise diversity jurisdiction, either as stated. Without federal question or diversity jurisdiction over Plaintiffs' state law claims, this Court must assess whether it may exercise supplemental jurisdiction over them. Supplemental jurisdiction under 28 U.S.C. § 1367 allows federal courts that have original jurisdiction over a case to exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Left without jurisdiction over those claims, § 1441(c)(2) requires this Court to sever them and remand them to state court.

## B. Federal Rule of Civil Procedure 21

Even were this Court not to find that § 1441(c)(2) requires it to sever Plaintiffs' state law claims and remand them to state court, it would exercise its discretionary authority to do so anyway. Because Plaintiffs' tort claims requi.re REMAND.

## LISTING OF ALL DEFENDANTS NAMED AND PROPERLY REMOVED
TWITTER, INC. and its successor interest Defendant X Corp.

---

NONE OF THESE NAMED DEFENDANTS BELOW ARE PROPER DEFENDANTS BEFORE THIS COURT AND THIS COURT HAS NO JURISDICTION OVER THESE PARTY DEFENDANTS NOR SUBJECT-MATTER WHO DID NOT CONSENT TO REMOVAL AND/OR FILE AN AMENDED NOTICE OF REMOVAL AS REQUIRED WITHIN (30) DAYS:

**RESIDENT AGENT:**
THE CORPORATION TRUST, INC.
**PASSPORT MOTORS HOLDINGS, INC.**
2405 YORK RD.
SUITE 201
LUTHERVILLE, MD 21093-2264

**PASSPORT MOTORS HOLDINGS, INC.**
5000 AUTH WAY
MARLOW HEIGHTS, MD 20746

**PASSPORT NISSAN OF MARLOW HEIGHTS**
5000 AUTH WAY
MARLOW HEIGHTS, MD 20746

**PASSPORT MOTORCARS, INC.**
5000 AUTH WAY
MARLOW HEIGHTS, MD 20746, et. al.

**KOMI E. DOGBATSE, SALEPERSON**
**PASSPORT NISSAN OF MARLOW HEIGHTS**
5000 AUTH WAY
MARLOW HEIGHTS, MD 20746

MR. CHESTER, GENERAL MANAGER
**PASSPORT MOTORS HOLDINGS, INC.**
5000 AUTH WAY
MARLOW HEIGHTS, MD 20746

**JOHN & JANE DOE, STATE VEHICLE INSPECTIONS EMPLOYEES**
**PASSPORT MOTORS HOLDINGS, INC. & PASSPORT NISSAN OF MARLOW HEIGHTS**
5000 AUTH WAY
MARLOW HEIGHTS, MD 20746

**ATHENS PROGRAM INSURANCE SERVICES**
**C/O SHANNON REGISTER, CLAIMS SPECIALIST**
PO BOX 4111
CONCORD, CA 94524

**ATHENS PROGRAM INSURANCE SERVICES**
**C/O ATHENS ADMINISTRATORS**
PO BOX 4111

CONCORD, CA 94524

**ALLIED WORLD SPECIALTY INSURANCE COMPANY**
**ATHENS ADMINISTRATORS**
9 FARM SPRING ROAD
FARMINGTON, CONNECTICUT 06032-2576

**ALLIED WORLD SPECIALTY INSURANCE COMPANY**
200 ST. PAUL STREET, SUITE 2700
7 ST
BALTIMORE, MD 21202

**CSC-LAWYERS INCORPORATING SERVICE**
**C/O TEXAS ROADHOUSE OF BALTIMORE COUNTY, MC LLC**
7 ST. PAUL STREET
SUITE 820
BALTIMORE, MD 21202

**CSC-LAWYERS INCORPORATING SERVICE**
**C/O**
7 PAUL STREET
SUITE 820
BALTIMORE, MD 21202

**CSC-LAWYERS INCORPORATING SERVICE**
**C/O TEXAS ROADHOUSE**
6040 DUTCHMANS LANE
LOUISVILLE, KY 40205

**CSC-LAWYERS INCORPORATING SERVICE**
**C/O TEXAS ROADHOUSE MANAGEMENT CORP.**
7 ST. PAUL STREET
SUITE 820
BALTIMORE, MD 21202

**CSC-LAWYERS INCORPORATING SERVICE**
**C/O TEXAS ROADHOUSE HOLDINGS, LLC.**
7 ST. PAUL STREET
SUITE 820
BALTIMORE, MD 21202

**CSC-LAWYERS INCORPORATING SERVICE**
**C/O TEXAS ROADHOUSE, INC.**
8207 TOWN CENTER DR.

NOTTINGHAM, MD 21236

**USPS**
900 E. FAYETTE STREET, RM 118
BALTIMORE, MD 21233

**USPS-HEADQUARTERS**
470 L'ENFANT PLAZA SW SUITE 604
WASHINGTON, DC 20024

**UNITED STATES POSTAL SERVICE**
**DOMESTIC CLAIMS**
PO BOX 80143
ST. LOUIS, MO 63180-0143

**USPS**
5600 SPALDING DR.
PEACHTREE CORNERS, GA 30092

**SERVE ON**: **ALL USPS DEFENDANTS**
**UNITED STATES ATTORNEYS OFFICE**
**U.S. ATTORNEY GENERAL**
36 S. CHARLES STREET
BALTIMORE, MD 21201

1). **RESIDENT AGENT:**
**THE CORPORATION TRUST, INC.**
**C/O ALLY FINANCIAL, INC.**
2405 YORK RD.
SUITE 201
LUTHERVILLE TIMONIUM MD 21093-2264

2). **RESIDENT AGENT:**
**THE CORPORATION TRUST, INC.**
**C/O ALLY FINANCIAL, LLC**
2405 YORK RD.
SUITE 201
LUTHERVILLE TIMONIUM MD 21093-2264

3). **RESIDENT AGENT:**
**THE CORPORATION TRUST, INC.**
**C/O ALLY FINANCIAL, INC. & PASSPORT MOTORS HOLDINGS, INC.**
2405 YORK RD.
SUITE 201

LUTHERVILLE TIMONIUM MD 21093-2264

4). **RESIDENT AGENT:**
**THE CORPORATION TRUST, INC.**
**C/O ALLY FINANCIAL, LLC & PASSPORT MOTORCARS, INC.**
2405 YORK RD.
SUITE 201
LUTHERVILLE TIMONIUM MD 21093-2264

5). **ALLY FINANCIAL, INC. & ALLY FINANCIAL, LLC**
500 WOODWARD AVENUE
DETROIT, MI 48226

1). **SERVE ON:** ALL LISTED U.S. GOVERNMENT AGENCIES
**UNITED STATES ATTORNEYS OFFICE**
**U.S. ATTORNEY GENERAL**
36 S. CHARLES STREET
BALTIMORE, MD 21201

2). **SOCIAL SECURTY ADMINISTRATION-SSA**
**C/O US ATTORNEYS OFFICE**
36 S. CHARLES ST.
BALTIMORE, MD 21201

3). **INTERNAL REVENUE SERVICE (IRS)**
**C/O US ATTORNEYS OFFICE**
36 S. CHARLES ST.
BALTIMORE, MD 21201

4). **SOCIAL SECURTY ADMINISTRATION-SSA**
**C/O US ATTORNEYS OFFICE-SSA GENERAL COUNSEL**
1100 WEST HIGH RISE
6401 SECURITY BLVD.
BALTIMORE, MD 21201

5). **INTERNAL REVENUE SERVICE (IRS)**
**C/O US ATTORNEYS OFFICE**
1111 CONSTITUTION AVE. NW
WASHINGTON, DC 20224

AND ANY AND ALL OTHER UNNAMED DEFEDANTS LISTED ON THE AMENDED COMPLAINT.

**WHEREFORE, GOOD CAUSE SHOWN**, the Court should <u>GRANT</u> the Plaintiff(s) Motion to Remand back to the Circuit Court for Baltimore CITY, of all Defendants not named in a Notice of Removal, and NONE have consented to Removal and to the jurisdiction of this Court. Plaintiff(s) seek any and all other relief as needed to move these cases forward. <u>The Plaintiff(s) seek any and all other relief this Court deem to award.</u>

_____
Dr. Keenan Cofield
1236 Kendrick Rd.
Rosedale, MD 21237
443-554-3715
Email:Supremegrandbishop@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been filed, HAND-DELIVERED and served upon the USDC Court Clerk for Baltimore, MD, and, and other Defendants on this the 16th day of July, 2023 and/or placed in the United States mail postage prepaid, to all Defendants so served, or by email and/or electronic mail this date.

_____
Dr. Keenan Cofield

Email: Supremegrandbishop@gmail.com

_____
Kayla Nedd

_____
LaVerne Thompson

_____
Luluk N. Fatwamati

_____
Dr. Keenan Cofield

_____

_____

_____