## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KEENAN COFIELD,** *et al.* | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.:  1:23-cv-01795-JKB |
| **PASSPORT MOTORS HOLDINGS INC.,** *et al.* | * | |
| | * | |
| Defendants | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER[1]</u>

Defendant X Corp., successor in interest to named defendant Twitter, Inc. ("Twitter")[2], respectfully submits this Response to the Order issued by this Court on July 20, 2023 ("Show Cause Order"), and states as follows.

### I.      Introduction

This case is still in its relative infancy before this Court. But the timing and manner in which Plaintiffs amended their complaint to assert claims by only one of the Plaintiffs, Keenan Cofield, against Twitter *after* he commenced proceedings in the United States Bankruptcy Court, and recent filings by Plaintiffs and co-defendants since removal and the Court's orders in response thereto, have combined to create uncertainty as to the status of this litigation.

---

[1] On July 25, 2023, after the Court issued its Show Cause Order, Plaintiffs filed a "Motion to Voluntarily Dismiss Defendant Twitter, Inc. and Successor X Corp. Without Prejudice," seeking to dismiss X Corp. from this action, "effective immediately." ECF No. 27. The Court has not yet acted on Plaintiffs' Motion. Given that the Court's Show Cause Order required Twitter to file its response by no later than Sunday, July 30, 2023, Twitter respectfully submits this response in compliance with the Court's direction, notwithstanding Plaintiffs' pending motion.

[2] Twitter, the online social media platform, has been re-branded as "X." This response continues to refer to "Twitter" throughout for ease of understanding.

Immediately upon removal, Twitter notified this Court of a Stay Order that had been entered in the State Court action—*before* Twitter was even named as a Defendant in that case— which Twitter believed would remain effective in this case. ECF No. 2. But following a series of filings and orders in this case, each of which were inconsistent with a stay, Twitter became uncertain that the State Court's Stay Order remained effective. *See* ECF Nos. 16, 17, 18, 21, 22, and 23. To that end, on July 19, 2023, Twitter filed its Motion for Stay and Extension of Time to seek clarity from this Court about whether the Stay Order remained effective. ECF No. 23.

On July 20, 2023, this Court issued an Order for X Corp. to show cause as to, among other items, why the Motion should not be denied as void *ab initio*. Below, Twitter offers its explanation about why this Court should not deny the Motion on those grounds, and why an order clarifying the effectiveness of the State Court's Stay Order or otherwise imposing a stay is warranted. Twitter also explains that because Twitter's proper and timely removal of this case divested the state court of jurisdiction in this case, the state court cannot issue any valid order addressing the issues posed by Twitter's Motion.

## II.   Response

### A.   "Why This Motion Should Not Be Denied as Void *Ab Initio*."

The Court's first question is "Why this motion should not be denied as void *ab initio*." This question, and other language in the Court's Show Cause Order, suggests two threshold issues: (1) whether Twitter violated the State Court's Stay Order by filing its notice of removal, and (2) whether Twitter's notice of removal was untimely under Federal Rule of Bankruptcy Procedure 9027(a)(2). As explained below, Twitter timely and properly removed this action, because (1) neither the State Court's Stay Order nor the automatic stay provision under 11 U.S.C. § 362 tolled its removal deadline, and (2) Federal Rule of Bankruptcy Procedure

9027(a)(3), not 9027(a)(2), applies because Plaintiff Cofield asserted his claims against Twitter after he filed for bankruptcy, and thus those claims were not pending when he filed for bankruptcy.

As for the merits of the Motion, Twitter respectfully submits that several developments in this Court since Twitter removed have caused confusion as to the effectiveness of the State Court's Stay Order in this action, and clarity on this issue is needed for all parties. Twitter thus respectfully requests the Court decline to deny its Motion as void *ab initio* and issue an order clarifying whether the State Court's Stay Order remains effective in this case or staying the case until resolution of the U.S. Bankruptcy Court's resolution of the U.S. Bankruptcy Trustee's Notice of Abandonment of its interest in this action.

### 1.   Twitter Properly and Timely Removed This Action

#### a.   Neither the State Court Stay Order Nor the Automatic Stay Under 11 U.S.C. § 362 Tolled Twitter's Removal Deadline

In the Court's Show Cause Order, the Court stated "the action was stayed by a court of competent jurisdiction at the time X Corp. removed the matter." Although the State Court's Stay Order was in place when Twitter removed, that order did not bar removal to federal court, nor did it toll Twitter's deadline to remove.

The State Court Stay Order did not bar removal because that order applies only to actions taken in the state court, not in federal court. The opinion of the Southern District of Texas in *Value Recovery Group, Inc. v. Hourani*, 115 F. Supp. 2d 761 (S.D. Tex. 2000) is instructive. There, the defendants filed a notice of removal more than 30 days after service of the complaint, on the ostensible basis that a stay order issued by a state court tolled the time for removal under 28 U.S.C. § 1446. *Id.* at 764. The *Hourani* court rejected that argument and remanded the case as untimely removed. The court explained that a state-court stay order "only operates to stay

3

'proceedings' in the state trial court action; it does not enjoin or prohibit the parties from filing papers elsewhere," *i.e.*, a notice of removal in federal court. *Id*. at 767. Indeed, as it explained "[a]s a general rule, the time to remove may not be extended by an order of the state court extending related deadlines under state law." *Id*. (citation omitted); *see also Martin v. Wells Fargo Bank , N.A.*, No. CV MJG-12-2566, 2012 WL 13008385, at *8 (D. Md. Nov. 30, 2012) (citing *Hourani* with approval). !

Likewise, the automatic stay under 11 U.S.C. § 362 did not toll Twitter's removal deadline. The Eastern District of Virginia's opinion in *Roman v. U.S. Bank National Association*, Civ. No. 3:21-CV-00813-HEH, 2022 WL 579812 (E.D. Va. Feb. 25, 2022) is instructive. There, as here, a debtor in bankruptcy filed a state-court complaint. A defendant waited until after the deadline for removal under 28 U.S.C. § 1446 and filed its notice of removal only after the Bankruptcy Court lifted the automatic stay. *Id*. at *2. The Eastern District of Virginia determined that the automatic stay did not bar removal, and therefore the defendant's notice of removal was untimely. The court noted that removal concerns only "jurisdictional issues, not the merits of the case before the court" and did not interfere with the purposes of the bankruptcy stay, because removal "does not place a financial burden on the debtor and does not disseminate assets protected during the bankruptcy proceeding." *Id*. at *4.

For these reasons, Twitter concluded neither the State Court Stay Order nor the automatic stay imposed when Mr. Cofield filed for bankruptcy tolled its statutory deadline under 28 U.S.C. § 1446 to remove this case. Facing an imminent deadline that was not tolled, Twitter filed its notice of removal.

       **b.**      **Federal Rule of Bankruptcy Procedure 9027(a)(3), Not Federal Rule of Bankruptcy Procedure 9027(a)(2), Applies the Claims Asserted Against Twitter, Because Those Claims Were Not Pending When Plaintiff Cofield Filed for Bankruptcy**.

This Court's Show Cause Order suggests the Court believes Twitter filed its notice of removal prematurely because, under Federal Rule of Bankruptcy Procedure 9027(a)(2), the removal deadline runs only from after the occurrence of "order for relief in the case under the [Bankruptcy] Code" or the "entry of an order terminating a stay." This rule applies, however, only if "the claim or cause of action in a civil action is *pending* when a case under the Code is commenced." *Id.* (emphasis added). As explained below, Plaintiff Cofield's claims against Twitter were not pending when he filed for bankruptcy; rather, he asserted those claims after his bankruptcy filing. Accordingly, Federal Rule of Bankruptcy Procedure 9027(a)(2) does not apply to Twitter's removal deadline.

Plaintiff Cofield commenced his Chapter 7 case in the United States Bankruptcy Court in Case No. 1:22-bk-15317 on September 28, 2022. Then, a complaint asserting claims against *other Defendants* in the state-court action below was pending. *See* Exhibit A. But Plaintiffs did not file their Amended Complaint asserting Plaintiff Cofield's claims against Twitter until May 8, 2023—months after Plaintiff Cofield filed for bankruptcy. Thus, Plaintiff Cofield's "claim[s] or cause[s] of action" against Twitter were not "pending" "in [the] civil action" when Mr. Cofield "commence[d]" his bankruptcy action. Rule 9027(a)(2) therefore does not apply to Twitter's removal deadline.

In contrast, where the claim or cause of action is asserted *after* commencement of the bankruptcy case, Rule 9027(a)(3) provides as follows: !!

       (3) *Time for filing; civil action initiated after commencement of the case under the Code*. If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a

> notice of removal may be filed with the clerk only within the
> shorter of (A) 30 days after receipt, through service or otherwise,
> of a copy of the initial pleading setting forth the claim or cause of
> action sought to be removed, or (B) 30 days after receipt of the
> summons if the initial pleading has been filed with the court but
> not served with the summons.

As noted, Plaintiff Cofield asserted his claims against Twitter on May 28, 2023, "after the commencement" of his bankruptcy action on September 28, 2022. Therefore, under Federal Rule of Civil Procedure 9027(a)(3), Twitter's removal deadline was within 30 days after receiving a copy of Plaintiffs' Amended Complaint or the summons. Facing that deadline, Twitter timely filed its notice of removal.

## 2. An Order Clarifying the Effect of the State Court Stay Order, or Otherwise Staying This Action, Is Needed.

Moving to the heart of the question, Twitter respectfully requests that the Court issue an order either (1) clarifying that the State Court Stay Order remains active in this Court or (2) staying this case until the U.S. Bankruptcy Court resolves the U.S. Bankruptcy Trustee's Notice of Abandonment of its interest in this action. As detailed below, developments since removal have caused confusion as to the effectiveness of the State Court's Stay Order. Given the Court's "inherent power to control its own docket," *United States ex rel. Tusco, Inc. v. Clark Constr. Grp., LLC*, 235 F. Supp. 3d 745, 755 (D. Md. 2016), an order on Twitter's Motion is warranted.

### a. Neither Plaintiffs nor the Circuit Court for Baltimore City Consistently Treated the Stay Order as Effective.

Clarity about the effectiveness of the State Court's Stay Order is warranted, particularly because neither Plaintiffs nor the Circuit Court for Baltimore City has consistently acted as if the Stay Order was effective. Plaintiff Cofield requested the Stay Order on April 13, 2023, *see* Exhibit B, which the Circuit Court granted on May 1, 2023, *see* ECF No. 10. But on May 8,

2023—just a week after the Circuit Court granted the Stay Order, Plaintiffs filed an Amended Complaint asserting new claims against new defendants—including Twitter. *See* ECF No. 5. Notwithstanding the Stay Order, the Circuit Court issued summonses at Plaintiffs' request, *see* Exhibits C & D. Later, Plaintiffs served those summonses on various parties, including Twitter. *See* Exhibit D (Dkt. Nos. 26, 28–53 indicating service on numerous named defendants, including Twitter). In sum, Plaintiffs (and the Circuit Court for Baltimore City) have not abided by the State Court's Stay Order.

> **b.     This Court Has Issued Orders Indicating the State Court's Stay Order May Not Be Effective In This Court.**

Immediately upon removal, Twitter filed a notice in this Court advising of the existence of the Stay Order and stating Twitter's position that it believed that the Stay Order remained effective. *See* ECF No. 2. Other parties to this case, however, began taking actions that caused Twitter to question whether the case remained stayed. In particular, seven co-defendants filed motions to extend time to answer and/or to stay the time to respond to summary-judgment motions filed below, all of which this Court granted. *See* ECF Nos. 16, 17, 18 & 22.[3] That the Court granted those motions, suggests that the Court has concluded the State Court's Stay Order is not effective in this court, which prompted Twitter's Motion to Stay to seek clarity from the Court on this issue.

> **c.     An Order Affirming the State-Court Stay Order, or Otherwise Staying the Case, Will Provide Necessary Procedural Clarity.**

For the reasons stated above, for the purposes of efficiency and clarity—and also considering that the U.S. Bankruptcy Trustee's Notice of Abandonment filed in Plaintiff Cofield's bankruptcy case (filed July 10, 2023), proposing to abandon its interest in this case,

---

[3] Plaintiff has also filed a motion to request the entry of a scheduling order, which remains pending. *See* ECF No. 21.

remains pending—an order either affirming that the State Court Stay Order remains in effect or otherwise staying this case until a ruling on the Notice of Abandonment will provide the parties with much-needed clarity as to the status of these proceedings.

**B.      "If Any Action Need Be Taken, Why It Should Not Be Addressed by the Circuit Court That Issued the Order Staying This Action."**

The Court's second question is "If any action need be taken, why it should not be addressed by the Circuit Court that issued the order staying the action." Twitter's response is Twitter's proper and timely removal of this action divested the Circuit Court of jurisdiction to take any action in this case. *See South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir. 1971) (under 28 U.S.C. § 1446, the state court "loses all jurisdiction to proceed immediately upon the filing of the petition in the federal court and a copy in the state court."). Accordingly, the Circuit Court lacks jurisdiction to take any action to address the status of the State Court's Stay Order or to otherwise issue a stay of this action.

**III.     Conclusion**

For each of the foregoing reasons, Twitter's Motion: (1) should not be denied as void *ab initio*; and (2) cannot be addressed by the Circuit Court for Baltimore City, which no longer has jurisdiction over the case.

Dated: July 28, 2023                    /s/ *Christopher C. Dahl*
                                        ————————————————————

                                        Christopher C. Dahl (Bar No. 29649)
                                        Sabrina N. Marquez (Bar No. 30516)
                                        BAKER, DONELSON, BEARMAN, CALDWELL &
                                        BERKOWITZ, PC
                                        100 Light Street
                                        19th Floor
                                        Baltimore, MD 21202
                                        P:  410.862.1134
                                        F:  410.547.0699
                                        E: cdahl@bakerdonelson.com
                                        E: smarquez@bakerdonelson.com

                                        /s/ *Kenneth M. Trujillo-Jamison*
                                        ————————————————————
                                        Kenneth M. Trujillo-Jamison
                                        WILLENKEN LLP
                                        707 Wilshire Boulevard
                                        Suite 3850
                                        Los Angeles, CA 90017
                                        P: 213.955.8031
                                        F: 213.955.9250
                                        E: ktrujillo-jamison@willenken.com

                                        *Counsel for Defendant X Corp., as*
                                        *successor in interest to named defendant Twitter, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of July, 2023, a copy of the foregoing Motion for Stay and Extension of Time electronically filed and served via this Court's CM/ECF e-filing system on all counsel of record and was sent via regular U.S. mail, postage prepaid to:

Emily Devan
Counsel for U.S. Bankruptcy Trustee Patricia B. Jefferson
Miles & Stockbridge
100 Light Street
10th Floor
Baltimore, MD 21202

Keenan Cofield
1236 Kendrick Road
Baltimore, MD 21237

Laverne Thompson
1236 Kendrick Road
Baltimore, MD 21237

Luluk Novi Fatwamati
PO Box 133121
Baltimore, MD 21218

Kevin L. Cofield, Sr.
1236 Kendrick Road
Baltimore, MD 21237

Orlan D. Cofield
1236 Kendrick Road
Baltimore, MD 21237

Arviette L. Cofield
1236 Kendrick Road
Baltimore, MD 21237

Kayla Nedd
1236 Kendrick Road
Baltimore, MD 21237

United States Attorney's Office
U.S. Attorney General
36 South Charles Street
Baltimore, MD 21201

Passport Motors Holding, Inc.
2405 York Road
Suite 201
Lutherville-Timonium, MD 21093

Passport Motors
5000 Auth Way
Suitland, MD 20746

Athens Program Insurance Services
2552 Stanwell Dr.
Concord, CA 94520

Athens Program Insurance Services
P.O. Box 4111
Concord, CA 94524

Allied World Specialty Insurance Company
9 Farms Spring Road
Farmington, CT 06032

Allied World Specialty Insurance Company
c/o Maryland Insurance Administration
200 St. Paul Place
Baltimore, MD 21202

Texas Roadhouse
6040 Dutchmans Lane
Louisville, KY 40250

Texas Roadhouse
7 St. Paul Street
Baltimore, MD 21202

Texas Roadhouse, Inc.
8207 Town Center Drive
Baltimore, MD 21236

Ally Financial, Inc.
2405 York Road
Lutherville-Timonium, MD 21093

Ally Financial Inc. and Ally Financial LLC
500 Woodward Avenue
Detroit, MI 48226

/s/ *Christopher C. Dahl*
_____

Christopher C. Dahl (Bar No. 29649)